28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo HERRERA-VALDEZ, Defendant-Appellant.
 No. 93-3778.
 United States Court of Appeals, Seventh Circuit.
 Argued June 15, 1994.
Decided July 18, 1994.
 
 Before ESCHBACH, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gustavo Herrera-Valdez pleaded guilty to a charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. He was sentenced to 78 months' imprisonment and two years' supervised release. Mr. Herrera appeals his sentence. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 * In December 1992, a federal grand jury returned a two-count indictment against Mr. Herrera. Count One of the indictment charged Mr. Herrera with conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Count Two charged him with knowingly and intentionally possessing with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Mr. Herrera pleaded guilty to Count One of the indictment through a written plea agreement with the government. The plea agreement stated in relevant part:
 
 
 3
 6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28 United States Code, Section 994, the parties agree on the following points:
 
 
 4
 * * *
 
 
 5
 (b) Because the defendant was a minor participant in the criminal activity, his offense level is decreased by two levels pursuant to Guideline Sec. 3B1.2(b).
 
 
 6
 * * *
 
 
 7
 (f) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.
 
 
 8
 * * *
 
 
 9
 13. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.
 
 
 10
 In its presentence report, the United States Probation Office recommended that Mr. Herrera be denied a two-level reduction in his offense level for being a minor participant in the conspiracy. The probation office acknowledged that Mr. Herrera's role in the offense consisted mainly of his introduction of a confidential informant to Codefendant Barraza in order for them to arrange a kilogram drug transaction. Nevertheless, in the view of the probation office, Mr. Herrera was not a minor participant because, in addition to providing this introduction, Mr. Herrera also made arrangements to provide the confidential informant with a sample of cocaine he received from Codefendant Barraza. Thus, according to the probation office, Mr. Herrera's role consisted of more than just an introduction; his role was more akin to that of an intermediary between the confidential informant and his codefendant Barraza. Although Mr. Herrera did not participate in the negotiations for or the transfer of the cocaine, his role as an intermediary in the offense precluded him from being deemed a minor participant. Mr. Herrera filed an objection to the probation office's recommendation. The probation office also included the "Government's Official Version of the Offense" in its presentence report. Mr. Herrera filed an objection to the government's version of the offense on the ground that it "overly emphasizes in great detail [his] participation in the pre-pre negotiations" of the drug transaction and "contradicts the agreement of the parties that [he] obtain his two (2) level reduction as a 'minor participant.' " R. 76.
 
 
 11
 At sentencing, Mr. Herrera renewed his objection and argued that he should be considered a minor participant because his only role in the conspiracy was to introduce a potential buyer of cocaine to a seller of cocaine. Pursuant to the stipulation in paragraph 6(b) of the plea agreement, the government argued that Mr. Herrera was entitled to a reduction for being a minor participant. The court overruled Mr. Herrera's objection and ruled that Mr. Herrera was not a minor participant within the meaning of U.S.S.G. Sec. 3B1.2(b) because his activities included more than a mere introduction of a cocaine buyer to a cocaine seller. It concluded that Mr. Herrera played a vital role in the conspiracy by obtaining a sample of cocaine for the confidential informant, by accurately quoting for the informant the per-kilogram price of the cocaine without verifying the price with anyone, and by apprising the confidential informant that the seller wanted to see the money that would be used to purchase the cocaine before delivery. The court then sentenced Mr. Herrera to 70 months' imprisonment and three years' supervised release. This appeal followed.
 
 II
 A.
 
 12
 Mr. Herrera's principal argument is that the government, by portraying him as an integral part of the conspiracy in its official version of the offense, breached paragraph 6(b) of the plea agreement, in which it had stipulated to his status as a minor participant in the conspiracy. Mr. Herrera requests that we vacate his sentence and remand this case for specific performance of the plea agreement.
 
 
 13
 There was no breach here. In the plea agreement, the government promised to take the position that Mr. Herrera was a minor participant in the conspiracy within the meaning of U.S.S.G. Sec. 3B1.2(b). The government fulfilled this promise. During the sentencing hearing, the government argued that Mr. Herrera was entitled to the two-level reduction for being a minor participant in the conspiracy because Mr. Herrera's sole involvement in the conspiracy was to refer a prospective buyer of cocaine to a seller of cocaine. Our examination of the transcript convinces us that the government's representation at the sentencing procedure was true to its undertaking in the plea agreement. We certainly are not confronted with the situation in which the government undercut the bargain it had made in the plea agreement.
 
 
 14
 Mr. Herrera also asserts that, even if the government complied with the letter of paragraph 6(b) of the plea agreement by arguing in favor of the minor participant reduction, it breached the spirit of paragraph 6(b) by portraying him in its official version of the offense as a key player in the conspiracy. According to Mr. Herrera, the Government's Official Version of the Offense, unlike the version of the offense that is presented in the plea agreement, led the district court to find that he initiated the discussions leading to the sale of cocaine, that he told the prospective purchaser that he could supply a sample of the cocaine without checking with his source, and that he was sophisticated in the ins and outs of drug transactions. The government, Mr. Herrera maintains, agreed to portray him at the sentencing hearing as a minor participant.
 
 
 15
 Mr. Herrera misconstrues the government's obligations under the plea agreement. In paragraph 13 of the plea agreement, the government reserved the right to "fully apprise the District Court and the United States Probation Office of the nature, scope and extent of [Mr. Herrera's] conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing." Moreover, the government did not promise that Mr. Herrera would ultimately receive the minor participant reduction. Paragraph 6(f) of the plea agreement apprised Mr. Herrera that the calculation of his sentence in the plea agreement was "preliminary in nature" and was "based on facts known to the government as of the time" Mr. Herrera pleaded guilty.
 
 B.
 
 16
 Finally, Mr. Herrera argues that, even if the government did not breach the plea agreement, the district court's finding that he was not a minor participant in the conspiracy was clearly erroneous.[1] Application Note 3 to U.S.S.G. Sec. 3B1.2 states that "a minor participant means any participant who is less culpable than most other participants." Mr. Herrera submits that he should be considered a minor participant in the conspiracy because he did not make decisions about price, delivery, or the manner in which the drug transaction was to be conducted; he did not receive a financial gain equal to that of his co-conspirators; he was not present for the final negotiations; he was not present when the actual transaction took place; and he never handled the money or the cocaine.
 
 
 17
 The district court did not commit clear error in finding that Mr. Herrera was more than a minor participant. A person who directs a buyer to a seller ordinarily cannot be considered a minor participant because that person also plays an important role in the distribution of the drugs. United States v. Brick, 905 F.2d 1092, 1095 (7th Cir.1990); see also United States v. Cea, 963 F.2d 1027, 1033 (7th Cir.), cert. denied, 113 S.Ct. 281 (1992). Mr. Herrera introduced the government informant, "Adolfo," to the seller of cocaine, Mr. Barraza, so that Mr. Barraza could sell several kilograms of cocaine to "Adolfo." He facilitated a multi-kilogram deal between the two men by arranging for and conducting the delivery of a sample of cocaine from Mr. Barraza to "Adolfo," by quoting the per-kilogram price of the cocaine to "Adolfo" and, prior to the cocaine deal, by informing accurately "Adolfo" that Mr. Barraza would want to see "Adolfo's" money before any deal took place. Furthermore, Mr. Herrera was present when Mr. Barraza negotiated the drug deal with Adolfo. Given Mr. Herrera's role in directing "Adolfo" to Mr. Barraza and in facilitating Mr. Barraza's sale of cocaine to "Adolfo," Mr. Herrera was not less culpable than his co-conspirators.
 
 Conclusion
 
 18
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Mr. Herrera seems to argue that the district court erred in denying him the reduction for being a minor participant without conducting a hearing first. This argument lacks merit. The Guidelines provide that, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. Sec. 6A1.3. The district court provided Mr. Herrera with an adequate opportunity to show that he was a minor participant in the conspiracy